IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANTHONY FREDERICK BUGNO,          )
                  Plaintiff      )
                                 ) Civil Action No. 12-345
    vs.                          ) District Judge
                                 ) Magistrate Judge Maureen P. Kelly
OFFICER CHRISTOPHER BROWN;        )
OFFICER SHAWN KIRLEY; AVALON      )
BOROUGH; AVALON POLICE            )
DEPARTMENT,                       )
                  Defendants.     )

## REPORT AND RECOMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. 3, be dismissed for failure to prosecute.

**II.   REPORT**

Plaintiff, Anthony Frederick Bugno, presented a civil rights complaint on March 20, 2012, alleging that Defendants, Officer Christopher Brown, Officer Shawn Kirley, Avalon Borough and the Avalon Police Department, violated his rights provided by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution when he was illegally stopped and searched on March 12, 2012.

On May 14, 2012, this Court issued an Order granting Plaintiff's request to proceed *in forma pauperis* and directing Plaintiff to complete the paperwork necessary for the United States Marshals Service to effectuate service. ECF No. 2. Plaintiff was also ordered to return the paperwork to the Clerk of Court's Office on or before May 31, 2012. Id. Plaintiff failed to provide the requisite documents by that date or otherwise respond to the Court's Order. Consequently, on July 7, 2012, this Court issued an Order to Show Cause directing Plaintiff to

show why this action should not be dismissed for failure to prosecute on or before July 23, 2012. ECF No. 4. To date, Plaintiff has failed to respond to the Order to Show Cause nor given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

>   (1) The extent of the party's personal responsibility.
>
>   (2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.
>
>   (3) A history of dilatoriness.
>
>   (4) Whether the conduct of the party or the attorney was willful or in bad faith.
>
>   (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
>   (6) The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders and weigh heavily against him. Plaintiff's failure to respond to the orders was not only solely his personal responsibility but his failure to do so even eleven weeks later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- there appears to be no specific prejudice to Defendants as they have not yet been served with the Complaint. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff as it is too

early in the litigation to assess the merits of Plaintiff's claims. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with two Court orders has prevented his case from going forward and suggests that Plaintiff has no serious interest in pursuing this case. Dismissal, therefore, appears to be the most appropriate action for this Court to take. Accordingly, it is respectfully recommended that the complaint in the above-captioned case be dismissed for failure to prosecute. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1), and Local Rule 72.D.2, Plaintiff is permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will constitute a waiver of any appellate rights. Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983). See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
U.S. MAGISTRATE JUDGE

Dated: 17 August, 2012

cc: Anthony Frederick Bugno
 134 Santron Avenue
 Pittsburgh, PA 15210